UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD BACHAND, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>SAM & BEN FISHERIES, INC., )<br>)<br>Defendant ) | Civil Action<br>Case No. 04-cv-12221 PBS |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant Sam & Ben Fisheries, Inc., by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and answers Plaintiff's Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint relating to the issue of employee and seaman status state legal conclusions to which no response is

required. To the extent a response is required, Defendant denies such allegations contained in paragraph 5 of Plaintiff's Complaint. Defendant admits that on May 28, 2004, Donald Bachand was a member of the crew of the F/V *Sally & Katherine*.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Paragraph 8 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.

9. Paragraph 9 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Paragraph 13 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

## COUNT I

15. Defendant repeats and realleges its answers to the allegations set forth in paragraphs 1 through 14, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

16. Defendant denies the allegations contained in Paragraph 16 of Count I of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Count I of Plaintiff's Complaint.

18. Paragraph 18 of Count I of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

## COUNT II

19. Defendant repeats and realleges its answers to the allegations set forth in Paragraphs 1 through 14, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

20. Defendant denies the allegations contained in Paragraph 20 of Count II of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Count II of Plaintiff's Complaint.

22. Paragraph 22 of Count II of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of Count II of Plaintiff's Complaint.

## COUNT III

23. Defendant repeats and realleges its answers to the allegations set forth in Paragraphs 1 through 14 inclusive above of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## COUNT IV

25. Defendant repeats and realleges its answers to the allegations set forth in Paragraphs 1 through 14, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits that Plaintiff has made demand for maintenance and cure payments. By way of further answer, Defendant states that Plaintiff has been paid such maintenance and cure as he is entitled to by law.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

WHEREFORE, Defendant Sam & Ben Fisheries, Inc. demands that all counts of Plaintiff's Complaint be dismissed with prejudice, and that Defendant be awarded its costs, including attorney's fees, and such other and further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, Sam & Ben Fisheries, Inc., by and through its counsel, Tompkins, Clough, Hirshon & Langer, P. A. and as and for its affirmative defenses to Plaintiff's Complaint state as follows:

1. Counts I through IV of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

2. Upon information and belief, Plaintiff has failed to mitigate his damages.

3. Upon information and belief, the proximate cause of Plaintiff's alleged injury, to the extent it occurred, was Plaintiff's own negligence and, therefore, Plaintiff is barred from any recovery. To the extent the Plaintiff is entitled to any recovery, such recovery must be reduced according to law.

4. Plaintiff has been paid any and all maintenance and/or cure to which he is entitled by law.

5. Upon information and belief, any injuries suffered by the Plaintiff were the result of an intervening and/or superceding cause.

6. Defendant, Sam & Ben Fisheries, Inc. alleges as a complete and separate defense to Plaintiff's Complaint that Donald Bachand's alleged injuries, and any damages resulting there from, were occasioned without the privity, common knowledge or fault of Defendant; upon information and belief, to the extent that the amount of the damages claimed by Plaintiff exceeds the value of Defendant's interest in the vessel F/V *Sally & Katherine*, and her freight then pending, then Defendant invokes the benefits of the provisions of the revised statutes of the United States and the acts amendatory thereof and supplemental thereto in limitation of the liability of shipowners, 46 U.S.C. §§183-195, as

amended, under which provisions, should Defendant be held liable for or by any reason of the matters, or any of them, set forth in the Complaint, then Plaintiff is not entitled to recover damages therefore in a sum in excess of the amount of the value of Defendant's said interest in said vessel at the conclusion of the voyage upon which such damage occurred, and her freight then pending.

7. Upon information and belief, Plaintiff's alleged injuries pre-existed the date on which Plaintiff claims to have been injured onboard the F/V *Sally & Katherine*.

8. Upon information and belief, Plaintiff failed to disclose to Defendant his pre-existing conditions prior to joining the F/V *Sally & Katherine*.

Dated at Portland, Maine this 22 day of November, 2004.

_____
Leonard W. Langer

_____
Marshall J. Tinkle
BBN: 565513
Counsel for Defendant


TOMPKINS, CLOUGH, HIRSHON & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112
(207) 874-6700

6

## CERTIFICATE OF SERVICE

I, Leonard W. Langer hereby certify that on November 22, 2004, I caused a copy of the within Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be sent by First Class Mail, postage prepaid to Carolyn M. Latti, Esq., Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA 02109-1202, counsel for Plaintiff.

_____
Leonard W. Langer

Sam & Ben Fish/Bachand/Ans Aff'm Def Compl.