UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD BACHAND,<br>    Plaintiff<br><br>V.<br><br>SAM & BEN FISHERIES, INC.,<br>    Defendant | Civil Action<br><br>No. 04-12221-PBS |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER ANSWERS TO PLAINTIFF'S INTERROGATORIES**

Now comes the Plaintiff in the above entitled action and by and through his attorney submits Memorandum of Law in Support of Plaintiff 's Motion to Compel Further Answers to Plaintiff's Interrogatories.

**FACTS**

On December 8, 2004, Plaintiff served Plaintiff's Interrogatories on the Defendant. Based on agreement between counsel, Defendant's Interrogatories were due on January 27, 2005.

On January 27, 2005, Defendant served its answers to Plaintiff's Interrogatories. *Exhibit A.* Defendant objected to Interrogatory #14-22 on the following grounds:

Defendant objects to Interrogatory No.(14-22 ) on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

On January 28, 2004, Plaintiff's counsel wrote Defendant requesting supplementation of interrogatory answer #14-22. *Exhibit B.* Plaintiff cited the case of Myers v. United States Paint, Co., Div. of Grow Group, Inc., 116 F.R.D. 165 (D.Mass. 1987) in which Judge Collings held that "where subparts are a logical extension of the basic interrogatory and seek to obtain

1

specified additional information with respect to the basic interrogatory" they are not to be counted separately. Plaintiff's counsel sent the letter pursuant to Local Rule 37.1 requesting a conference between the parties.

When a week went by and Plaintiff's counsel had not heard from Defendant on February 4, 2005, Plaintiff counsel sent another to Defendant letter asking whether Defendant was going to supplement its interrogatories or require Plaintiff to file a motion. *Exhibit C.* As of date, Plaintiff's counsel has still not heard from Defense counsel. No supplementation has occurred either.

**LAW**

Under Local Rule 26.1(C) it states:

> For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

Local Rule 26.1(C ) is consistent with prior case law of this district of Myers, *supra*.

Any subparts of Plaintiff's interrogatories are nothing more than an extension of the original questions seeking additional information on the topic. Pursuant to the Local Rule 37.1(B), the Plaintiff's Interrogatories with subparts are set forth below:

**Q#1.** Please state:
a. If the Defendant is a natural person, please state the Defendants full name, residential address, and business address;
b. If the Defendant is a publicly traded corporation, please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors and any parent or subsidiary corporations.
c. If the Defendant is not a publicly traded corporation, please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors, and shareholders of the Defendant corporation and any parent or subsidiary corporations.
d. If the Defendant is a partnership (including limited partnerships and limited liability partnerships), please state the exact partnership name, the business address of the partnership and the full name and residential address of each partner.

2

  e. If the Defendant is not a natural person, or a corporation or a partnership, please describe the type of entity the Defendant is, and identify all executive officers of the Defendant's organization.

**Q#2**. With respect to the vessel named in the Plaintiff's Complaint, please identify, as of the date of the alleged incident:
a. the owner of said vessel;
b. the operator of said vessel;
c. the controller of said vessel; and
d. the charterer (if any) of said vessel.

**Q#8.** If Defendant was not present at the time of the alleged incident, please state:
a. whether Defendant had notice or knowledge of said alleged incident; and
b. when, where, in what manner and from whom such notice or knowledge of the alleged incident was received or acquired.

**Q#9.** Identify any communications, statements and/or admissions <u>made by the Plaintiff</u> to anyone concerning: 1) the alleged incident; 2) the injuries alleged in plaintiff's complaint; and/or 3) the damages alleged in plaintiff's complaint.  Please include within your answer:
a. the date said communication was made;
b. the name and address of the person to whom said communication was made;
c. where said communication was made;
d. the name and address of each person present at the time said communication was made;
e. the precise contents of the communication.
f. if said communication was written, recorded, or transcribed, please state the present location of said writing or transcription.

**Q#16.** Please state the names, addresses, and expected testimony of each expert witness who the Defendant may call at trial, including in your answer:
a. the subject matter on which the expert is expected to testify;
b. the education, training and/or expertise that qualifies said expert witness as an expert on the subject matter;
c. the specific opinions and/or facts to be expressed by the expert;
d. a complete summary of the grounds for each opinion to be expressed at trial.
e. identify all documents relied upon by the expert in forming his opinions.

f. set forth all facts relied upon by the expert when forming his opinions.

**Q#17**. If the Defendant claims that it is entitled to limit its liability pursuant to 46 U.S.C. 183, please state:
a. the value of the vessel at the conclusion of the voyage upon which the alleged incident occurred;

    b.    the value of the freight then pending on vessel at the conclusion of the voyage upon which the alleged incident occurred;
    c.    the basis for the above valuations;

**Q#18.** Please describe all maintenance (other than routine maintenance procedures performed on the vessel each and every trip), repairs, alterations, modifications and or subsequent remedial measures performed on, or to, the vessel, her equipment and appurtenances, during period of time beginning two (2) years prior to the alleged incident and extending one (1) year following the alleged incident, including within your answer:
    a.    the date the maintenance, repair, alteration, modification, and/or subsequent remedial measure was performed;
    b.    the specific location on the vessel and/or the specific piece of equipment or appurtenance upon which the maintenance, repair, alteration, modification and or subsequent remedial measure was performed;
    c.    the identity of the person who performed said maintenance, repairs, alterations, modifications and/or subsequent remedial measures.
    d.    the nature of the work performed.

**Q#20.** Identify all protection and indemnity (P & I) policies, policies of insurance, excess insurance policies, re-insurance policies and/or indemnity agreements, under which any person may be liable to make payments or indemnify any other person, as a result of the claims asserted in the above captioned Civil Action, or as a result of Judgment entered in the above captioned Civil Action, stating for each:
    a.    the type of policy or agreement;
    b.    the insurer;
    c.    the insured;
    d.    the limits of coverage;
    e.    the dates in which the policy is or was in effect.

A review of the aforementioned interrogatories indicates that the subparts are seeking further detail of the basic interrogatory. For example, Interrogatory # 2 subparts seek information about the vessel involved in the incident, the owner, operator and controller of the vessel while the subparts of Interrogatory #8 seek further information regarding the accident and Interrogatory #18 subparts seeks specified information regarding the repairs on the vessel. Based on Local Rule 26.1(C) and <u>Myers</u>, Plaintiff's subparts are clearly an extension of the original interrogatory and should not be counted separately from the basic interrogatory. Therefore, Defendant who incorrectly counted each subpart as a separate interrogatory and refused to

answer Interrogatory #14-22 based on the objection that it exceeded the number of interrogatories, should be ordered to answer Interrogatory #14-22 and its objections overruled.

Local Rule 37.1 allows sanctions for failure of an opposing counsel to respond to a request for a discovery conference. Plaintiff's counsel tried on two separate occasions for a discovery conference to resolve the dispute but Defense counsel never even responded. *Exhibit B, C* . Defense counsel, Mr. Langer is admitted pro hac vice in this Court. Mr. Langer's actions in not responding to Plaintiff's request for a conference or even contacting the Plaintiff to resolve the issue, demonstrates that he does not follow our local rules. Plaintiff's counsel seeks as sanctions to have Defense Counsel pro hac vice motion status revoked and that this Court order costs Plaintiff incurred for the filing of the motion.

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court order Defendant to answer Interrogatory #14-22, that Attorney Langer's pro hac vice status be revoked and that this Honorable Court order Defendant to pay costs associated with Plaintiff filing this Motion.

WHEREFORE, Plaintiff requests that this Honorable Court order Defendant to answer Interrogatory #14-22, that Attorney Langer's pro hac vice status be revoked and that this Honorable Court order Defendant to pay costs associated with Plaintiff filing this Motion

        Respectfully submitted for the Plaintiff,
        DONALD BACHAND, by his attorney,

        /s/ Carolyn M. Latti
        /s/ Carolyn M. Latti, BBO# 567394
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        (617) 523-1000

Dated: February 9, 2005

## CERTIFICATE OF SERVICE

     I hereby certify that on February 9, 2005, I electronically filed Plaintiff's Motion to Compel Further Answers to Plaintiff's Interrogatories with the Clerk of the Court using CM/ECF system and will send a copy of such filing(s) to the following:

Mr. Leonard W. Langer, Esq.
Tompkins, Clough, Hirshon & Langer P.A.
Three Canal Plaza
P.O. Box 15060
Portland, ME 04112-5060

        Respectfully submitted for the
        the Plaintiff,

        /s/ Carolyn M. Latti
        /s/ Carolyn M. Latti
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        617-523-1000