

PLAINTIFF'S EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD BACHAND, ) | |
| ) | Civil Action |
| Plaintiff ) | Case No. 04-cv-12221 PBS |
| ) | |
| vs. ) | |
| ) | |
| SAM & BEN FISHERIES, INC., ) | |
| ) | |
| Defendant ) | |

NOW COMES Defendant Sam & Ben Fisheries, Inc., and pursuant to Rule 33, F.R.Civ.P., answers Plaintiff's Interrogatories as follows:

## GENERAL OBJECTION

Defendant Sam & Ben Fisheries, Inc. objects to the "General Instructions And Definitions" set forth in Plaintiff's Interrogatories to the extent that they exceed the parameters of Rules 26 and 33, F.R.Civ.P.

## ANSWERS TO INTERROGATORIES

1. Please state:

   a. If the Defendant is a natural person, please state the Defendants full name, residential address, and business address;

   b. If the Defendant is a publicly traded corporation, please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors and any parent or subsidiary corporations.

   c. If the Defendant is not a publicly traded corporation, please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors, and shareholders of the Defendant corporation and any parent or subsidiary corporations.

    d.    If the Defendant is a partnership (including limited partnerships and limited liability partnerships), please state the exact partnership name, the business address of the partnership and the full name and residential address of each partner.

    e.    If the Defendant is not a natural person, or a corporation or a partnership, please describe the type of entity the Defendant is, and identify all executive officers of the Defendant's organization.

**ANSWER:**

    a.    Not applicable

    b.    Not applicable

    c.    Sam & Ben Fisheries, Inc., 4 Popes Meadow, Sandwich, MA 02563; Commonwealth of Massachusetts; shareholders and officers are Russell P. Stribley, 1 Cannon Hill Dr., Harwich, MA 02645 and Marc Palombo, 4 Popes Meadow Dr., Sandwich, MA 02563. There are no subsidiary or parent corporations.

    d.    Not applicable

    e.    Not applicable

    2.    With respect to the vessel named in the Plaintiff's Complaint, please identify, as of the date of the alleged incident:

    a.    the owner of said vessel;

    b.    the operator of said vessel;

    c.    the controller of said vessel; and

    d.    the charterer (if any) of said vessel.

**ANSWER:**    As of May 28, 2004,

    a.    Sam & Ben Fisheries, Inc.

    b.    Defendant objects to Interrogatory No. 2(b) on the grounds that it seeks a legal conclusion.

    c.    Defendant objects to Interrogatory No. 2(c) on the grounds that it seeks a legal

conclusion.

      d.     The vessel was not chartered.

      3.     Based upon information the Defendant has acquired either directly or through communications with its agents, servants, employees, investigators, adjusters, legal representative, the Plaintiff, and/or any other person, please describe in detail the Defendant's understanding of how the alleged incident occurred, setting forth the date, location, time, weather conditions, sequence of events, and the cause (or causes) of said incident.

      **ANSWER:**    Defendant is not aware of any incident giving rise to an injury to Plaintiff while on board the F/V SALLY & KATHERINE. Upon information and belief, at approximately 10 a.m. on May 29, 2004, after setting two trawls of traps, Plaintiff complained to Capt. Russell Stribley about a sore back. He did not specify an event or incident which he felt was the cause of the soreness. Capt. Stribley advised Mr. Bachand to rest and take some aspirin. He was thereupon placed on light duty for the remainder of the trip, which involved standing at the banding table and banding lobsters and filling bait bags. There was no lifting or carrying required.

      On May 29, 2004, the weather conditions were clear and calm.

      4.     Identify all log entries, Coast Guard reports, accident reports, injury reports, captain's report, reports of crew members, investigative reports or any other communications, writing or report concerning the alleged incident, stating for each, whether said report or writing was prepared in anticipation of litigation as defined by Fed.R.Civ.P. 26(B)(3). In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the <u>Definitions</u> section of these interrogatories.

**ANSWER:** Upon information and belief, no log entry was made, and no report was filed with the Coast Guard. The incident was investigated by Ms. Amy Sanborn of Acadia Insurance Company.

5. Identify all officers and members of the crew of the Defendant's vessel, at the time of the alleged incident, also including within your answer, the capacity in which each officer/crew member served the vessel (i.e. Captain, Mate, Cook, etc.), and whether they witnessed the alleged incident.

In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iii of the <u>Definitions</u> section of these interrogatories.

**ANSWER:**

a. Russell Stribley, 1 Cannon Hill Dr., Harwich, MA 03645, Capt.;

b. James Kennedy, 197 Pond Meadow, Westbrook, CT 06498, Mate

c. Liam McCole, 68 ½ Deanne St., New Bedford, MA 02746, Cook;

d. Donald Bachand, deckhand.

Defendant is not aware of any "incident" and therefore there were no witnesses.

6. Please itemize all payments of maintenance & cure benefits paid by the Defendant to, or on behalf of, the Plaintiff, setting forth the date of each payment, the amount of each payment, and to whom each payment was made.

**ANSWER:** Please see the documents produced pursuant to Plaintiff's Request for Production of Documents regarding payments for maintenance and cure in this matter.

7. If the Defendant has not provided maintenance & cure benefits, if the Defendant has delayed provision of maintenance & cure benefits for more than thirty days after a request for benefits was made, or if the Defendant has discontinued such provision of

maintenance & cure benefits, please state the basis upon which the Defendant relies for its failure to provide maintenance & cure, its delay in providing maintenance & cure and/or its discontinuance of the said maintenance and cure benefits.

**ANSWER:** Not applicable.

8. If Defendant was not present at the time of the alleged incident, please state:

a. whether Defendant had notice or knowledge of said alleged incident; and

b. when, where, in what manner and from whom such notice or knowledge of the alleged incident was received or acquired.

**ANSWER:** Defendant is not aware of an "incident" giving rise to Plaintiff's alleged injury. Further, Defendant is a corporation. Russell Stribley was the Captain of the SALLY & KATHERINE during the trip on which Plaintiff alleges to have been injured. *See also* Answer to Interrogatory No. 3.

9. Identify any communications, statements and/or admissions made by the Plaintiff to anyone concerning: 1) the alleged incident; 2) the injuries alleged in plaintiff's complaint; and/or 3) the damages alleged in plaintiff's complaint. Please include within your answer:

a. the date said communication was made;

b. the name and address of the person to whom said communication was made;

c. where said communication was made;

d. the name and address of each person present at the time said communication was made;

e. the precise contents of the communication.

f. if said communication was written, recorded, or transcribed, please state the present location of said writing or transcription.

**ANSWER:** a-f: *See* Answer to Interrogatory No. 3. In addition to the above, Capt. Stribley asked Plaintiff on several occasions during the trip in question how Plaintiff was doing. Each time Plaintiff responded that he was "okay" and wanted to keep working.

10. Identify all written reports, recorded conversations, and/or statements (signed or unsigned), and all memoranda of statements, made by any person at any time, relating to: 1) alleged incident; 2) the cause of the alleged incident; 3) the Plaintiff's alleged injuries; and/or 4) the Plaintiff's alleged damages. In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the Definitions section of these interrogatories.

**ANSWER:**

a. Undated recorded statement of Russell Stribley;

b. Undated recorded statement of Liam McCole;

c. Undated recorded statement of James Kennedy.

11. Identify all photographs, video tapes, ships plans, and/or blueprints of the vessel named in Plaintiffs complaint, which where made, drawn, taken and/or developed within the past 10 years.

**ANSWER:** Defendant objects to Interrogatory No. 11 on the grounds that it is overly broad, burdensome, and seeks information that is not relevant to either a claim or defense being made in this matter. Without waiving such objection, please see the documents produced by Defendant in response to Plaintiff's Request for Production of Documents.

12. List each occasion (during the time period commencing five years prior to the date of Plaintiffs alleged incident and extending through to the present), that the vessel

named within Plaintiff's complaint was inspected and/or surveyed by any person <u>other than</u>: A) the Defendant; B) a master or member of the crew of the vessel. Please include within your answer the date in which the vessel was inspected and/or surveyed, and identify the person who performed said inspection and/or survey.

**ANSWER:** Upon information and belief, the F/V SALLY & KATHERINE was surveyed by Mr. James Shervo of Marine Safety Consultants, Inc., Fairhaven, MA on December 28, 2001.

13. If, with respect to the alleged incident or the Plaintiffs alleged injuries and damages, the Defendant claims that the Plaintiff was: A) contributorily negligent; B) failed to exercise reasonable care for his own safety; C) breached a duty of care owed to himself and/or others; or D) or failed to mitigate his damages, then please state the basis of each such claim.

**ANSWER:** Defendant objects to Interrogatory No. 13 to the extent that it seeks a legal conclusion, or the mental impressions of counsel. Without waiving such objection, and pending completion of discovery in this matter, Defendant maintains that to the extent that Plaintiff was injured on the F/V SALLY & KATHERINE, it was not due to the negligence of Defendant or the crew of the vessel. Rather, any injury sustained by Plaintiff was the result of his failure to take reasonable precautions for his own safety with regard to his duties on board the vessel.

Further, the medical records provided to Defendant by Plaintiff indicate that, contrary to the allegations in Plaintiff's Complaint in this matter, Plaintiff's alleged injury occurred on June 28, 2004, not May 28, 2004, when Plaintiff was not a crewmember of the F/V SALLY & KATHERINE. Further, such medical records indicate that notwithstanding Plaintiff's

allegation that the was unable to work until September 16, 2004 due to his alleged injury on board the F/V SALLY & KATHERINE, on or about August 21, 2004, he was struck by lightning while "standing in water removing lobster traps". Thus, Plaintiff either returned to work prior to the date on which he claims to have reached maximum cure and/or could have returned to work sooner than he did.

Defendant reserves the right to supplement its Answer to Interrogatory No. 13 upon completion of discovery in this matter.

14. State the basis of the affirmative defense(s) raised in Defendant's Answer to Plaintiff's Complaint.

**ANSWER:** Defendant objects to Interrogatory No. 14 on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

15. Please identify each person who was a witness to the events immediately preceding, during, and/or immediately after the alleged incident.

In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iii of the Definitions section of these interrogatories.

**ANSWER:** Defendant objects to Interrogatory No. 15 on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

16. Please state the names, addresses, and expected testimony of each expert witness who the Defendant may call at trial, including in your answer:

    a. the subject matter on which the expert is expected to testify;

    b. the education, training and/or expertise that qualifies said expert witness as an expert on the subject matter;

    c. the specific opinions and/or facts to be expressed by the expert;

    d. a complete summary of the grounds for each opinion to be expressed at trial.

e.  identify all documents relied upon by the expert in forming his opinions.

f.  set forth all facts relied upon by the expert when forming his opinions.

**ANSWER:** Defendant objects to Interrogatory No. 16 on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

17.  If the Defendant claims that it is entitled to limit its liability pursuant to 46 U.S.C. 183, please state:

a.  the value of the vessel at the conclusion of the voyage upon which the alleged incident occurred;

b.  the value of the freight then pending on vessel at the conclusion of the voyage upon which the alleged incident occurred;

c.  the basis for the above valuations;

**ANSWER:** Defendant objects to Interrogatory No. 17 on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

18.  Please describe all maintenance (other than routine maintenance procedures performed on the vessel each and every trip), repairs, alterations, modifications and or subsequent remedial measures performed on, or to, the vessel, her equipment and appurtenances, during period of time beginning two (2) years prior to the alleged incident and extending one (1) year following the alleged incident, including within your answer:

a.  the date the maintenance, repair, alteration, modification, and/or subsequent remedial measure was performed;

b.  the specific location on the vessel and/or the specific piece of equipment or appurtenance upon which the maintenance, repair, alteration, modification and or subsequent remedial measure was performed;

c.  the identity of the person who performed said maintenance, repairs,

alterations, modifications and/or subsequent remedial measures.

    d.    the nature of the work performed.

**ANSWER:** Defendant objects to Interrogatory No. 18 on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

    19.    With respect to this civil action, please list the names of all natural persons who the Defendant claims are represented by Counsel for the Defendant.

**ANSWER:** Defendant objects to Interrogatory No. 19 on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

    20.    Identify all protection and indemnity (P & I) policies, policies of insurance, excess insurance policies, re-insurance policies and/or indemnity agreements, under which any person may be liable to make payments or indemnify any other person, as a result of the claims asserted in the above captioned Civil Action, or as a result of Judgment entered in the above captioned Civil Action, stating for each:

    a.    the type of policy or agreement;

    b.    the insurer;

    c.    the insured;

    d.    the limits of coverage;

    e.    the dates in which the policy is or was in effect.

**ANSWER:** Defendant objects to Interrogatory No. 20 on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

21. Please state at the time of the alleged incident to present, the procedure, manner and policy for the stacking of the traps, including the height the traps were to be stacked too, ie number of traps to be stacked on top of each other.

**ANSWER:** Defendant objects to Interrogatory No. 21 on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

22. Please state at the time of the alleged incident, the manufacture and type of lobster trap and the weight of the trap, including with gear and weights in it.

**ANSWER:** Defendant objects to Interrogatory No. 22 on the grounds that it exceeds the number of interrogatories allowed by Rule 33, F.R.Civ.P.

AS TO OBJECTIONS:

_____
Leonard W. Langer, Esq.

Dated: _____, 2005

SAM & BEN FISHERIES, INC.

By: _____
Russell Stribley, its President

COMMONWEALTH OF MASSACHUSETTS                February       , 2005
_____, SS

     Personally appeared before me Russell Stribley, in his capacity as President of Sam & Ben Fisheries, Inc., and who being first duly sworn, stated that the above Answers to Interrogatories are true to the best of his knowledge, information and belief, and where upon information and belief, he believes them to be true.

_____
Notary Public

My Commission Expires On:

_____

### CERTIFICATE OF SERVICE

     I, Leonard W. Langer hereby certify that on February ___, 2005 I caused a copy of the within Defendant's Answers to Plaintiff's Interrogatories to be sent by First Class Mail, postage prepaid to Carolyn M. Latti, Esq., Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA  02109-1202, counsel for Plaintiff.

_____
Leonard W. Langer

Sam & Ben/Bachand
Def Ans Plt's Ints