## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD BACHAND , | ) | |
| | ) | Civil Action |
| Plaintiff | ) | Case No. 04-cv-12221 PBS |
| | ) | |
| vs. | ) | |
| | ) | |
| SAM & BEN FISHERIES, INC., | ) | |
| | ) | |
| Defendant | ) | |

NOW COMES Defendant Sam & Ben Fisheries, Inc., and pursuant to Rule 7, Rules of the United States District Court for the District of Massachusetts, responds to Plaintiff's Motion to Compel Answers to Interrogatories as follows:

Counsel for Defendant has reviewed the authority cited by Plaintiff regarding the interpretation of Rule 33(a), F.R.Civ.P., and how the number of interrogatories should be calculated  *See* Myers v. U.S. Paint Company, 116 F.R.D. 165 (D. Ma. 1987)  Although the case referred to was decided prior to the 1993 revisions to Rule 33(a), F.R.Civ.P., Defendant agrees that the reasoning could be applied even after the amendments.  *But see*, Aetna Casualty & Surety Co. v. W.W. Grainger, Inc., 170 F.R.D. 454 (E.D. Wisc. 1997).

Counsel for Defendant has also reviewed the specific interrogatories referenced by Plaintiff in her Motion and agrees that there is at least an argument that the sub-parts could be viewed as "logical extensions" of the base interrogatory.  Myers v. U.S. Paint Company, *supra*.  Given that fact, counsel for Defendant has notified Plaintiff's counsel that Defendant will provide Plaintiff with answers to interrogatories 14-17, and 19-22 no later than February 18, 2005.

Notwithstanding the above, counsel for Defendant has notified Plaintiff's counsel that Defendant objects to Interrogatory No. 18 on the grounds that it is overly broad and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Defense counsel has requested that Plaintiff's counsel explain the relevance of the requested information, and has invited Plaintiff to narrow the scope of the Interrogatory.  A telephone conference has been scheduled for Wednesday, February 16, 2005 to discuss this issue, and various other discovery issues in this matter. Defense counsel is hopeful that this objection can be resolved at that conference.

For the reasons set forth above, Defendant respectfully requests that the Plaintiff's Motion to Compel Answers to Interrogatories should be dismissed as moot, and that Plaintiff's Request that Defense Counsel's admission *Pro Hac Vice* be withdrawn be denied.

Dated: February 14, 2005


/s/   Leonard W. Langer

Counsel for Defendant
Sam & Ben Fisheries, Inc.


TOMPKINS, CLOUGH, HIRSHON & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112
(207) 874-6700

## <u>CERTIFICATE OF SERVICE</u>

I, Leonard W. Langer, hereby certify that on February 14, 2005, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following:  Carolyn M. Latti, Esq., Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA  02109-1202, counsel for Plaintiff.

<u>/s/  Leonard W. Langer</u>

Sam & Ben/Bachand/Resp Plt Mot Compel